NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1385
_____

UNITED STATES OF AMERICA

v.

JOHN LABOY
a/k/a GORDO

John Laboy,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 5-10-cr-00335-003
(Honorable Lawrence F. Stengel)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 7, 2013

Before:  SCIRICA, AMBRO and FUENTES, *Circuit Judges*.

(Filed: January 28, 2013)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

John Laboy appeals his judgment of conviction and sentence for conspiracy to distribute

crack cocaine (21 U.S.C. § 846).  Laboy contends his conviction is not supported by sufficient

1

evidence.  We will affirm.

I.

In May 2010, Laboy was indicted on ten counts arising from a conspiracy to distribute crack cocaine in which Laboy and his three coconspirators, including his brother Jose Laboy, were alleged to have cooked powder cocaine into crack cocaine and distributed it in Allentown, Pennsylvania between December 2009 and April 2010.  Laboy was indicted on one count of conspiracy to distribute fifty grams or more of crack cocaine (21 U.S.C. § 846) (Count 1); six counts of distribution of crack cocaine (21 U.S.C. § 841) (Counts 10, 19, 21, 22, 24, and 25); and three counts of distribution of crack cocaine within 1,000 feet of a school (21 U.S.C. § 860(a)) (Counts 11, 20, and 23).

In July 2011, Laboy was tried in the Eastern District of Pennsylvania.  The Government's case centered on the testimony of Leanna Breeland, a cooperating witness who purchased crack from Laboy and his coconspirators on several occasions at the direction of the police.  According to Breeland, Laboy and the other defendants would deliver crack and accept payments for one another.  For instance, on March 9, 2010, Breeland met with another defendant, Alberto Figueroa, in front of the home of Jose Laboy to purchase $100 worth of crack.  When Breeland stated that she needed to leave in order to obtain cash for the transaction, Figueroa explained that Breeland could obtain the drugs from his "man" when she returned and pointed to Laboy, who was sitting on the home's porch.  An hour later, Laboy and Breeland exchanged the drugs and cash.

Breeland also testified to a transaction that occurred in Jose Laboy's kitchen on December 18, 2009, in which Laboy was present while the other defendants cooked and sold crack cocaine.  In addition, Breeland testified that the defendants each charged different prices

when she purchased crack from them individually and that they were unaware she occasionally purchased crack from each of them on the same day.

Following the close of the Government's case in chief, Laboy's counsel moved for a judgment of acquittal with respect to the conspiracy count (Count 1), which the District Court denied. Laboy was convicted on Counts 1 and 19–25, but was acquitted on Counts 10 and 11, which related to the December 18th transaction. The District Court sentenced Laboy to 84 months' imprisonment and six years of supervised release.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We apply "a particularly deferential standard of review" on an appeal for insufficiency of the evidence. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We view the evidence in the light most favorable to the Government and will sustain the verdict if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996)).

There are three essential elements of a drug distribution conspiracy under 21 U.S.C. § 846: "'(1) a shared unity of purpose, (2) an intent to achieve a common goal, and (3) an agreement to work together toward the goal.'" *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008) (quoting *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006)). It is sufficient if the Government establishes a tacit agreement, *Iannelli v. United States*, 420 U.S. 770, 777 n.10 (1975) (citations omitted), which may rely exclusively on circumstantial evidence, *Bobb*, 471 F.3d at 494, including "a demonstrated level of mutual trust." *United States v. Gibbs*, 190 F.3d 188, 199 (3d Cir. 1999). "'To sustain a conspiracy conviction, the . . . . evidence need not be inconsistent with every [less sinister] conclusion save that of guilt.'" *United States v.*

3

*Brodie*, 403 F.3d 123, 134 (3d Cir. 2005) (quoting *United States v. Smith*, 294 F.3d 473, 478 (3d Cir. 2002)) (some internal quotation marks omitted).

III.

Laboy contends the evidence fails to show an agreement to work towards a common goal since he and the other defendants charged different prices and were unaware they occasionally sold crack to the same person on the same day. Essentially, Laboy contends his conspiracy conviction is not supported by sufficient evidence because the evidence could support an alternative conclusion that he was in competition with the other defendants. Laboy also contends that the jury could not have rationally convicted him of conspiring to distribute crack cocaine because he was acquitted on Counts 10 and 11, which related to the December 18th transaction—the only instance when Breeland observed Laboy with the other defendants.

IV.

Laboy's arguments lack merit. Breeland's testimony regarding inconsistent pricing and lack of communication between the defendants about her purchasing habits indicates a disorganized criminal enterprise, but we cannot conclude that no rational jury could convict Laboy of conspiring to distribute crack cocaine in light of the evidence showing he and the other defendants delivered crack and accepted payments for one another.

In addition, Laboy's presence during the December 18th transaction may not have been enough to convict him of distributing crack on this date (Counts 10 and 11), but his acquittal on these counts does not preclude a conspiracy conviction. The jury could have viewed the other defendants' willingness to cook and sell crack cocaine in Laboy's presence on December 18th as "demonstrat[ing a] level of mutual trust" that would support the existence of a conspiracy. *Gibbs*, 190 F.3d at 199.

4

Based on all of the evidence adduced at trial, a reasonable jury could conclude that Laboy and the other defendants shared a common goal (the distribution of crack cocaine), the intent to achieve that goal, and a tacit agreement to cooperate to achieve it (by delivering crack and accepting payments for one another). *See Iglesias*, 535 F.3d at 156 (listing the essential elements of a drug distribution conspiracy under 21 U.S.C. § 846).

V.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.